NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND A. ROLES,

        Plaintiff-Appellant,

  v.

JAY CHRISTENSEN, ISCC Warden;
RHONDA OWENS, ISCC, ASM,

        Defendants-Appellees.

No. 20-35071

D.C. No. 1:19-cv-00292-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Idaho state prisoner Raymond A. Roles appeals pro se from the district

court's judgment dismissing his action brought under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii));

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Roles's action because Roles failed to allege facts sufficient to show that defendants' conduct placed a substantial burden on his religious exercise.  *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (elements of § 1983 free exercise claim); *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (elements of a RLUIPA claim); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, to constitute a substantial burden on religious exercise, a regulation "must impose a significantly great restriction or onus upon such exercise").

**AFFIRMED.**